# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL SHANE MOORE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BRANDON WATWOOD, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:24-cv-01085-JDB-tmp |

## ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND ASSESSING $350.00 FILING FEE IN ACCORDANCE WITH PLRA

On April 15, 2024, Plaintiff, Michael Shane Moore, Tennessee Department of Correction prisoner number 526496, who is incarcerated at the Northwest Correctional Complex in Tiptonville, Tennessee, filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983. (Docket Entry ("D.E.") 1.) Plaintiff submitted a letter stating he was proceeding *in forma pauperis* with a copy of his trust fund account statement. (D.E. 5.) The Court construes the letter as a motion to proceed *in forma pauperis*.

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[1] Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*,

---

[1] Title 28 U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he Clerk shall collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $55 for filing any civil case, except where the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. As the Court is granting leave to proceed *in forma pauperis*, Plaintiff is not liable for the additional $55 fee.

716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* at 604.

In this case, Plaintiff has properly submitted an *in forma pauperis* affidavit and a copy of his trust fund account statement as required by 28 U.S.C. § 1915(a)(2). The motion to proceed *in forma pauperis* is **GRANTED**.

Pursuant to 28 U.S.C. § 1915(b)(1), it is **ORDERED** that Plaintiff cooperate fully with prison officials in carrying out this order. It is further **ORDERED** that the trust account officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust account officer shall collect them and pay them directly to the Clerk of the Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the trust account officer is instructed to withdraw all of the funds in the Plaintiff's account and forward them to the Clerk of the Court.

On each occasion that funds are subsequently credited to Plaintiff's account, the trust account officer shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial filing fee is paid in full.

It is further **ORDERED** that after the initial partial filing fee is fully paid, the trust account officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10, until the $350 filing fee is paid.

Each time the trust account officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and submit it to the Clerk along with the payment. All payments and accounts statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee
167 N. Main St., Rm. 242, Memphis, TN   38103

and shall clearly identify Plaintiff's name and the case number indicated on this order.

If Plaintiff is transferred to a different prison or released, he is **ORDERED** to notify the Court immediately, in writing, of his change of address. If still confined, he shall provide the officials at the new facility with a copy of this order. If plaintiff fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at the Plaintiff's prison. The Clerk is further **ORDERED** to forward a copy of this order to the warden of the prison to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

IT IS SO ORDERED this 7th day of May 2024.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE
