IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SHANE MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-01085-JDB-tmp |
| | ) |
| BRANDON WATWOOD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

---

ORDER MODIFYING THE DOCKET,
DISMISSING THE COMPLAINT WITH PREJUDICE IN PART
AND WITHOUT PREJUDICE IN PART,
GRANTING LEAVE TO AMEND THE CLAIMS
DISMISSED WITHOUT PREJUDICE,
AND
DENYING MOTION FOR APPOINTMENT OF COUNSEL

---

On April 15, 2024, Plaintiff, Michael Shane Moore, Tennessee Department of Corrections ("TDOC") number 526496, filed a pro se complaint pursuant to 42 U.S.C. § 1983. (Docket Entry ("D.E.") 1.) At the time, Moore was incarcerated at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee.[1] On April 24, 2024, he moved for appointment of counsel. (D.E. 4.) On May 7, 2024, the Court granted leave to proceed in forma pauperis and assessed the $350.00 civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA").[2] (D.E. 6.) Moore's complaint and motion to appoint counsel are before the Court.

---

[1] *Felony Offender Information*, Tenn. Dep't of Corr., https://foil.app.tn.gov/foil/search_additional.jsp (last visited Jan. 7, 2025).
[2] 28 U.S.C. § 1915.

The complaint is based on an incident that occurred on October 2, 2023, where Moore was stabbed by a fellow inmate at NWCX. (D.E. 1 at PageID 4.) It is liberally construed to assert a claim for failure to protect. (*See id.*) Plaintiff sues four Defendants in their official capacities: (1) Brandon Watwood, Warden at NWCX; (2) Jon Walton, Warden of Security at NWCX; (3) Melissa Boyd, Correctional Officer at NWCX; and (4) Frank Strada, TDOC Commissioner.[3] He seeks monetary and injunctive relief mandating separate housing for protective custody and non-protective custody prisoners.

For the reasons set forth below, the Court: (1) DISMISSES WITH PREJUDICE Plaintiff's claims for monetary damages; (2) DISMISSES WITHOUT PREJUDICE Plaintiff's claims for injunctive relief; (3) GRANTS leave to amend those claims dismissed without prejudice; and (4) DENIES AS MOOT Plaintiff's motion to appoint counsel.

I.  BACKGROUND

For screening purposes, the Court assumes Plaintiff's allegations are true. Moore alleges that on October 2, 2023, while he was "a protective custody inmate," he was stabbed by a non-protective custody inmate who was "allowed to be housed with [him.]" (D.E. 1 at PageID 4.) He contends that Correctional Officer Melissa Boyd let the inmate "out with [him]" and the stabbing followed. (*Id.* at PageID 5.) Moore submits that he was "transported to the local hospital" following the incident but does not describe the injuries he sustained. (*Id.*) He claims violations of his Sixth, Eighth, and Fourteenth Amendment rights. (*Id.* at PageID 3.)

---

[3] Moore names Frank Strata in the complaint. The current TDOC Commissioner is Frank Strada. *See Commissioner Frank Strada*, Tenn. Dep't of Corr., https://www.tn.gov/correction/about-us/commissioner-frank-strada.html (last visited Jan. 7, 2025). The Clerk is DIRECTED to modify the docket to correct the spelling of Strata to Strada.

II.     LEGAL STANDARD

The Court must screen a prisoner's complaint and dismiss any portion thereof, "if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)–(2); *see also* 28 U.S.C. § 1915(e)(2)(B). In assessing whether the complaint states a claim, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), and in *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those requirements, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether "they plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. *Williams*, 631 F.3d at 383. However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (collecting cases); *see also Brown v. Matauszak*, 415 F. App'x 608, 612–13 (6th Cir. 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a

3

plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975) (alteration in original)).

III.     REQUIREMENTS TO STATE A CLAIM UNDER § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970) (footnote omitted).

IV.     ANALYSIS

    A.     *Claims For Monetary Damages*

The claims against Watwood, Walton, and Boyd are treated as ones against their employer, NWCX. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Beverly v. Gibson Cnty.*, No. 17-1160-JDT-cgc, 2018 WL 3848425, at *3 (W.D. Tenn. Aug. 13, 2018) (a plaintiff's "claims against [j]ail employees . . . in their official capacities [are] construed as claims against their employer"). In turn, claims against NWCX[4] are treated as if against TDOC. *See Merritt v. Thomas*, No. 21-2580-SHM-tmp, 2022 WL 22854975, at *4 (W.D. Tenn. May 23, 2022); *see also Northwest Correctional Complex,* Tenn. Dep't of Corr., https://www.tn.gov/content/tn/correction/state-prisons/state-prison-list/northwest-correctional-complex.html (noting NWCX is a TDOC prison) (last visited Jan. 8, 2025). Similarly, official capacity allegations against Strada are equal to ones against TDOC. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is

---

[4] To the extent Moore alleges a cause of action under § 1983 against NWCX, the complaint fails to state a claim to relief as a matter of law, as a jail is not a "person" subject to suit. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (citation omitted).

not a suit against the official but rather is a suit against the official's office." (citation omitted)). Claims against TDOC are construed as against the State of Tennessee. *Id.*

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own state in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 254 (2011) ("[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."). Tennessee has not waived its sovereign immunity and therefore may not be sued for damages. *See* Tenn. Code Ann. § 20-13-102(a). Furthermore, a state is not a person within the meaning of § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002) (citation omitted); *Will*, 491 U.S. at 71.

For these reasons, Moore fails as a matter of law to state a claim for money damages against the individual Defendants in their official capacities or the State of Tennessee. For the reasons explained above, the complaint's claims for monetary damages against (a) the individual Defendants in their official capacities and (b) the State of Tennessee are DISMISSED WITH PREJUDICE for failure to state a claim to relief.

B.     *Claims For Injunctive Relief*

Moore also seeks injunctive relief that "order[s] the Defendants to not allow population inmates to be housed with protective custody inmates. And put protective custody inmates in a room by themselves." (D.E. 1 at PageID 5.)

According to the United States Supreme Court, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71 n.10 (first quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); and then citing *Ex Parte Young*, 209 U.S. 123, 159–60 (1908)); *see also Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) ("[T]he [Eleventh] [A]mendment does not preclude actions against state officials sued in their official capacity for prospective injunctive or declaratory relief." (citing *Ex Parte Young*, 209 U.S. 123)).

To proceed with official capacity claims for prospective injunctive relief against the individual Defendants, Plaintiff must allege that the State of Tennessee was responsible for the violation of his constitutional rights because of a custom or policy. *Graham*, 473 U.S. at 166; *Monell v. Dept of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). The Sixth Circuit has held that, to establish the requisite causal link between a constitutional violation and a policy, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)). The custom or policy must be the "moving force" behind the deprivation of a plaintiff's rights. *Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (quoting *Monell*, 436 U.S. at 694).

Moore has not alleged a policy or custom of the State of Tennessee, much less an unconstitutional policy or custom, pursuant to which the individual Defendants acted to deprive him of his constitutional rights. At most, Plaintiff claims dissatisfaction with prison operations. (*See* D.E. 1 at PageID 8 ("This prison sweeps everything under the rug. No one even gets

6

written up for being caught with a knife.").)  Such dissatisfaction is insufficient to state a claim for prospective injunctive relief against the individual Defendants in their official capacities. Those claims are DISMISSED WITHOUT PREJUDICE for failure to allege facts entitling him to relief.[5]

V.   AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a sua sponte dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA"); *see also Brown v. Rhode Island*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded." (citations omitted)).  Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every sua sponte dismissal entered without prior notice to the plaintiff automatically

---

[5] Furthermore, to the extent Plaintiff's claim for injunctive relief is a request for prospective relief ensuring the safety of "population inmates" and "protective custody inmates" other than himself, the relief he seeks is unavailable.  The operation of correctional facilities "is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial." *Bell v. Wolfish*, 441 U.S. 520, 548 (1979) (citations omitted).  The Court will not intervene to grant such relief that affects the daily operations and administration of NWCX.  In addition, Moore lacks standing to seek relief on behalf of other inmates.  One of the three elements of standing is that a "plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks, footnote, and citations omitted).  "In requiring a particular injury, the Court meant 'that the injury must affect the plaintiff in a personal and individual way.'" *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 134 (2011) (quoting *Lujan*, 504 U.S. at 560, n. 1).  Unless a plaintiff suffered an actual injury, he "was not the aggrieved party, [and he] lack[s] standing" to sue. *Percival v. McGinnis*, 24 F. App'x 243, 246 (6th Cir. 2001).  Plaintiff's request to prevent harm to inmates other than himself does not show actual injury to him.

must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a sua sponte dismissal may stand." (citations omitted)). The Court GRANTS leave to amend the complaint under the conditions set forth below.

VI.     CONCLUSION

For the reasons set forth above:

A.  To the extent the complaint alleges claims for money damages against the individual Defendants in their official capacities and the State of Tennessee, all such claims are DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend these claims is DENIED.

B.  To the extent the complaint alleges claims for prospective injunctive relief against the individual Defendants in their official capacities and the State of Tennessee, all such claims are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief. Leave to amend those claims is GRANTED. An amended pleading must be filed within 21 days of the date of this order and must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Plaintiff's claims. An amended complaint supersedes the initial complaint and must be complete in itself without reference to the prior pleadings. Moore must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the amended complaint. All claims alleged in an amended complaint

must arise from the facts alleged in the initial complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Moore decides to amend his claims, he must use the "Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983" form.[6] If he fails to file an amended complaint within the time specified, the Court will dismiss the complaint with prejudice in its entirety and enter judgment. The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

C. Because the complaint is being dismissed, Moore's motion to appoint counsel (D.E. 4) is DENIED as moot, subject to his right to re-file if the case proceeds.

IT IS SO ORDERED this 8th day of January 2025.

                                              s/ J. DANIEL BREEN
                                              UNITED STATES DISTRICT JUDGE

---

[6] *See Civil Rights Complaint*, The U.S. Dist. Ct. for the W. Dist. Of Tenn., https://www.tnwd.uscourts.gov/sites/tnwd/files/CivilRightsComplaint.pdf (last visited Jan. 3, 2025).